UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

LUIS BERTOT,

    Plaintiff,

vs.

COMCAST CABLE COMMUNICATIONS
MANAGEMENT, LLC, a Foreign
Limited Liability Company;
MARK FLEMING, an individual, jointly

    Defendants.
_____/

# COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C. § 216(B))

Plaintiff, Luis Bertot ("Named Plaintiff"), on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), sues Defendants, Comcast Cable Communications Management, LLC ("Comcast") and Mark Fleming ("Fleming") (collectively referred to as "Defendants"), and alleges as follows:

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated proper overtime compensation in violation of the FLSA.

2. Plaintiff seeks all damages provided for under the FLSA, including attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is an individual over the age of 18 and is otherwise *sui juris*.

4. During the relevant period, Plaintiff was a resident of Miami-Dade County, Florida.

5. Comcast is a business entity which, during the relevant period, was a Foreign Limited Liability Company that conducted business within the Southern District of Florida.

6. During the relevant period, Fleming was a Senior Director and then Vice President of Human Resources of Comcast, who conducted business within the Southern District of Florida.

7. At all relevant times, Defendants acted through their owners, officers, agents, servants, and employees, each of whom acted within the scope of their employment with Defendants.

8. During the relevant period, Defendants were the employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203, for Named Plaintiff.

9. Jurisdiction is conferred upon this Court by:

   a) 28 U.S.C. § 1331;

   b) 28 U.S.C. § 1367; and

   c) 29 U.S.C. § 216(b), which allows for a claim regarding violations of the FLSA to be brought in any court of competent jurisdiction.

10. Venue is proper in the Southern District of Florida because:

   a) Named Plaintiff is employed in the Southern District of Florida by Defendants;

   b) During the relevant period, Defendants conducted business within the Southern District of Florida;

   c) The acts that give rise to the claims by Named Plaintiff occurred in the Southern District of Florida; and

        d)      During the relevant period, Comcast maintained an office for the transaction of its customary business in in the Southern District of Florida.

11. During the relevant period, Comcast was an enterprise that engaged in interstate commerce and had annual gross revenue in excess of $500,000.

12. During the relevant period, Comcast employed two or more individuals that customarily and regularly sold and/or marketed and/or distributed their services and/or goods and/or services to customers throughout the United States and also provided its services for goods sold and transported across state lines of numerous other states.

13. During the relevant period, Comcast obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do business, transmitted funds outside the state of Florida, and otherwise regularly engaged in interstate commerce.

14. During the relevant period, Comcast accepted checks, wire transfers, and other forms of payments that were made or processed outside the State of Florida.

15. During the relevant period, Defendants were "employers" pursuant to the FLSA.

16. During the relevant period, Comcast was an enterprise engaged in commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

17. During the relevant period, Named Plaintiff was an "employee" pursuant to 29 U.S.C. § 203(e)(1) of the FLSA, and is an employee of Defendants.

18. During the relevant period, Defendants failed to comply with 29 U.S.C. §§ 201-219 in that Named Plaintiff and those similarly situated performed services for Defendants and were not paid overtime wages at the rate of time and one-half for all hours worked in excess of 40 hours in each workweek.

19. Claims under the FLSA do not have prerequisites or preconditions to filing a lawsuit and therefore, Named Plaintiff has met all prerequisites and preconditions to filing this lawsuit.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of employees who performed similar functions for Defendants, were subjected to Defendants' unlawful pay practices and policies, and who worked for Defendants at any point in the three years preceding the date the instant action was filed (the members of this putative class are referred to as "Collective Plaintiffs").

21. Named Plaintiff and Collective Plaintiffs worked for Defendants in the Southern District of Florida at some point in the three years preceding the date the instant action was filed.

22. Named Plaintiff and Collective Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as discussed herein.

23. There are numerous similarly situated current and former employees of Defendants who worked overtime hours during the relevant period without receiving overtime compensation, and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

24. Similarly situated current and former employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

25. Upon information ad belief, Defendants' pattern and practice of depriving non-exempt Human Resources employees overtime compensation extended to those who are similarly

situated to Named Plaintiff.

26. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those similarly situated employees, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

27. Named Plaintiff began working at Comcast on or about May 14, 2018. Named Plaintiff is currently employed at Comcast.

28. Named Plaintiff was hired by Comcast as a Human Resources Manager 1 supporting the Telesales Department, and was paid a salary of approximately $85,000 per year.

29. Named Plaintiff's immediate supervisor was Human Resources Director, Lynn Barrett, who reported to the Vice President of Human Resources, Mark Fleming.

30. On or about March 24, 2019, Named Plaintiff was given a new title of Human Resources Manager 2 and his salary increased to approximately $106,593 per year.

31. Plaintiff received another salary increase and is currently earning approximately $109,524.22 per year.

32. During Named Plaintiff's employment at Comcast, up to and including March 2020, Named Plaintiff regularly worked in excess of 40 hours in a workweek but did not receive time and one half of his regular rate for these overtime hours.

33. Although Named Plaintiff's hours varied, during the relevant period, he generally worked 50-65 hours per week and averaged approximately 17 hours of overtime each workweek.

34. Upon information and belief, Collective Plaintiffs also worked approximately the same number of hours per workweek within the three-year statutory period without receiving overtime compensation.

35. Defendants had knowledge of Named Plaintiff's overtime hours and non-exempt employment duties, but purposefully failed to provide him overtime pay in violation of the FLSA.

36. Defendants required Named Plaintiff to, among other things, review and respond to emails and text messages in the evening and early morning hours.

37. Named Plaintiff's immediate supervisor, Ms. Barrett, would also call and text Named Plaintiff in the early morning and evening hours and demand immediate responses.

38. The hours worked by Plaintiff were also beyond 40 in a workweek because of turnover in the department. For example, in November 2018, the Senior Human Resources Manager was terminated and Named Plaintiff was forced to take on these clerical responsibilities in addition to his own.

39. Named Plaintiff was regularly on call and was frequently contacted in the early morning and evening hours by employees or managers with questions via a company issued phone.

40. While Defendants classified Named Plaintiff as an exempt employee under the FLSA, he performed primarily, if not exclusively, non-exempt work under the close supervision of Defendants.

41. On several occasions, Named Plaintiff complained to Fleming about his compensation and the fact that he was working primarily, if not exclusively, as a non-exempt employee, but was not receiving overtime compensation.

42. Upon information and belief, other Human Resources Managers complained to Fleming about their compensation and the fact that they were not receiving overtime compensation even though they were performing primarily non-exempt duties.

43. Named Plaintiff's duties included primarily, if not exclusively, clerical work such as processing documents, maintaining records, listening to employees' complaints, and supporting

his immediate supervisor and Fleming.

44. Named Plaintiff was only given tasks that consisted of regular, recurrent, and routine work that did not involve him exercising independent judgment and discretion on matters of significance.

45. Named Plaintiff's primary duties were not management or administrative and Named Plaintiff did not customarily and regularly perform exempt duties under the FLSA.

46. Named Plaintiff did not have any authority to set and adjust the rates of pay and hours of work for any employee.

47. Named Plaintiff did not have the ability to hire or fire anyone (nor did he hire or fire anyone), and he did not regularly and customarily direct the work of two or more full-time workers.

48. During Named Plaintiff's employment with Defendants, Named Plaintiff never evaluated other employees' performance for the purpose of recommending promotions or other changes in status.

49. Named Plaintiff did not have the power or authority to discipline employees.

50. Furthermore, Named Plaintiff's immediate supervisor, Ms. Barrett, was an extreme micromanager who monitored and oversaw virtually everything that Named Plaintiff did and required Named Plaintiff to seek and to obtain her approval before pursuing any actions or adopting any discipline recommendations from the business unit.

51. Named Plaintiff did not write or assist with preparing any company policies.

52. If Named Plaintiff received a complaint from a company employee, Named Plaintiff merely took down the information and presented it to Ms. Barrett or Fleming to determine a course of conduct.  Meaning, Named Plaintiff had no discretion or autonomy with respect to an

employee investigation.

53. Therefore, Defendants misclassified Plaintiff as an exempt employee in order to avoid the overtime requirements mandated by the FLSA.

54. In the course of employment with Defendants, Named Plaintiff worked the number of hours Defendants required of him, but was not paid time and one half for all hours worked in excess of 40 during a workweek.

55. Defendants failed to keep accurate time records for all hours worked by Named Plaintiff and Collective Plaintiffs.

56. Defendants failed to pay Plaintiff and Collective Plaintiffs based on the actual number of hours worked and at the proper rate.

57. Defendants' FLSA violations were willful and intentional.

58. Named Plaintiff, on behalf of himself and all other similarly-situated employees, consents to the filing of this action and has retained the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay a reasonable fee for legal services.

## COUNT I
## OVERTIME VIOLATIONS AGAINST COMCAST UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS

59. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 58 above as though fully recited herein.

60. Named Plaintiff and Collective Plaintiffs performed non-exempt duties and therefore, were entitled to be paid time and one half their regular rate for all hours worked in excess of 40 in each workweek.

61. Named Plaintiff and Collective Plaintiffs regularly worked in excess of 40 hours each workweek; however, Comcast failed to pay the overtime wage required by the FLSA.

62. The FLSA required that Comcast pay Named Plaintiff and Collective Plaintiffs time and one half their regular rate for all hours worked in excess of 40 hours per workweek.

63. During the relevant period, Comcast failed to comply with 29 U.S.C. §§ 201 – 219 and 29 C.F.R. §§ 516 *et seq.* in that Named Plaintiff and Collective Plaintiffs performed services and worked for Comcast in excess of 40 hours per workweek but no provision was made by Comcast to properly pay Named Plaintiff and Collective Plaintiffs at the rate of time and one half their regular rate for all hours worked in excess of 40 hours per workweek.

64. Comcast has attempted to evade the requirements of the FLSA by misclassifying Named Plaintiff and Collective Plaintiffs as exempt employees when in fact, they were non-exempt employee under the FLSA.

65. The failure to pay overtime compensation to Named Plaintiff and Collective Plaintiffs was unlawful in that they were not exempt from the overtime provisions of the FLSA pursuant to the provisions of 29 U.S.C. § 213(a), in that they were not bona fide executive, administrative, or professional employees.

66. Comcast knew or showed reckless disregard for the provisions of the FLSA concerning the payment of overtime wages and owe Named Plaintiff and Collective Plaintiffs overtime wages.

67. Named Plaintiff and Collective Plaintiffs are entitled to recover liquidated damages under the FLSA as a result of Comcast's intentional and willful violations for up to the three-year statute of limitations afforded by the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Comcast:

A. Adjudge and decree that Comcast violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E. Award Named Plaintiff and Collective Plaintiffs all recoverable interest; and

F. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### OVERTIME VIOLATIONS AGAINST FLEMING UNDER THE FLSA AS TO NAMED PLAINTIFF AND COLLECTIVE PLAINTIFFS

68. Named Plaintiff and Collective Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 through 58 above as though fully recited herein.

69. During the relevant period, Fleming was a Senior Director and then Vice President of Human Resources of Comcast.

70. During the relevant period, Fleming:

    a) Oversaw and had operational control over the day-to-day activities of Named Plaintiff and Collective Plaintiffs;

    b) Had supervisory authority over Named Plaintiff and Collective Plaintiffs;

    c) Had knowledge of the hours worked by Named Plaintiff and Collective Plaintiffs;

   d) Had knowledge of the work being performed by Named Plaintiff and Collective Plaintiffs;

   e) Had the authority to make financial and other employment-related decisions, including, but not limited to, those decisions regarding the hiring and firing of employees, assignment of work duties, and payment of wages.

   f) Received complaints from Named Plaintiff and Collective Plaintiffs concerning their compensation; and

   g) Was partially or totally responsible for Named Plaintiff and Collective Plaintiffs' compensation structure.

71. Fleming was Named Plaintiff's and Collective Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA, as the term employer is defined by 29 U.S.C. § 203, during the relevant period.

72. During their employment with Defendants, Named Plaintiff and Collective Plaintiffs worked overtime hours for which they were not compensated at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

73. Named Plaintiff and Collective Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA for all hours worked in excess of 40 in a workweek.

74. Fleming is jointly and severally liable for the unpaid overtime as well as double the overtime amounts owed as liquidated damages under the FLSA as a result of intentional and willful violations of the FLSA.

**WHEREFORE**, Named Plaintiff and Collective Plaintiffs respectfully pray for the following relief against Fleming:

A. Adjudge and decree that Fleming violated the FLSA and did so willfully, intentionally, and with reckless disregard;

B. Award Named Plaintiff and Collective Plaintiffs actual damages for unpaid overtime compensation;

C. Award Named Plaintiff and Collective Plaintiffs liquidated damages;

D. Award Named Plaintiff and Collective Plaintiffs the costs of this action, together with reasonable attorneys' fees;

E. Award Named Plaintiff and Collective Plaintiffs all recoverable interest; and

F. Grant Named Plaintiff and Collective Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Named Plaintiff and Collective Plaintiffs hereby demand a jury trial of all issues so triable.

Dated: September 10, 2020

    Respectfully submitted,

    **BT LAW GROUP, PLLC**
    3050 Biscayne Blvd., Suite 205
    Miami, Florida 33137
    Tel: (305) 507-8506

    By: s/ Jason D. Berkowitz
    **JASON D. BERKOWITZ, ESQ.**
    Florida Bar No. 0055414
    jason@btattorneys.com
    **ANISLEY TARRAGONA, ESQ.**
    Florida Bar No. 51626
    anisley@btattorneys.com

    Attorneys for Plaintiff